IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

LESLIE HIGGINS                                                              PLAINTIFF

v.                                    CIVIL NO. 18-01077

ANDREW SAUL[1], Commissioner                                                DEFENDANT
Social Security Administration

**MEMORANDUM OPINION**

Plaintiff, Leslie Higgins, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (the "Commissioner") denying her claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. § 423(d)(1)(A). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405 (g).

Plaintiff protectively filed her application on December 18, 2015. (Tr. 16). In her disability report dated June 3, 2016, Plaintiff alleged disability beginning on April 21, 2016, due to depression, a back/neck injury, and polycythemia vera. (Tr. 252, 255). An administrative hearing was held on March 12, 2018, at which Plaintiff appeared with counsel and testified. (Tr. 55-86).

---

[1] Andrew M. Saul has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated June 1, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe: history of cervical fusion at C4-7; mild lumbar degenerative changes with disc bulge at L4-5 and scoliosis; polycythemia vera[2]; and chronic obstructive pulmonary disease. (Tr. 18). However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the severity of any impairment listed in the Listing of Impairments found in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18-20). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b), with occasional climbing of ramps/stairs, but no climbing of ropes, ladders, or scaffolds, and occasional balancing, stooping, kneeling, crouching, and crawling. She can only have occasional exposure to atmospheric conditions, such as fumes, noxious odors, dusts, mites, gases and poor ventilation.
> (Tr. 21-24).

The ALJ found Plaintiff would be unable to perform her past relevant work but would be able to perform the representative occupations of cashier, fast food worker, or storage rental clerk. (Tr. 24-26).

Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F. 3d 576, 583 (8th

---

[2] Polycythemia vera is a slow-growing blood cancer in which the bone marrow makes too many red blood cells. These excess cells thicken blood, slowing its flow. They also cause complications, such as blood clots, which can lead to a heart attack or stroke. Without treatment, polycythemia vera can be life-threatening. But proper medical care can help ease signs, symptoms and complications of this disease. Over time, in some cases there's a risk of progressing to more-serious blood cancers, such as myelofibrosis or acute leukemia. *See polycythemia vera, at* https://www.mayoclinic.org/diseases-conditions/polycythemia-vera/symptoms-causes/syc-20355850. (last accessed Dec. 20, 2019).

Cir. 2002). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff's sole argument on appeal is that the ALJ's RFC determination is unsupported by substantial evidence. (Doc. 15, p. 4). More specifically, Plaintiff objects to the ALJ's credibility assessment, RFC determination, and not adopting the final hypothetical he proposed to the VE. (Id, pp. 5, 7-9). The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010)(district court summarily affirmed the ALJ).

IT IS SO ORDERED this 23rd day of December 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE